UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:07CV146-J

SHONA TURNER                                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER
## GRANTING ATTORNEY'S FEES PAYABLE TO ATTORNEY

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA"). The Commissioner has filed a response, and does not contest the plaintiff's status as a prevailing party, nor does the Commissioner assert that his position was substantially justified. Furthermore, the Commissioner does not object to the hourly rate sought, nor to the number of hours billed. However, the Commissioner has requested that the fees be made payable directly to the plaintiff. Counsel has timely filed a Reply, and the matter is now ripe for adjudication.

The Commissioner's request that EAJA fees be made payable directly to the claimant and not the attorney is a relatively new development before this Court. In the past, this Court has routinely granted requests for attorney's fees, and ordered that the awards be made payable directly to plaintiff's counsel. In this case, there is a written fee agreement which clearly makes the EAJA fees payable to counsel directly. However, as a general matter, the Court believes that payment directly to claimants of EAJA fees would negate the general intent of the Act by discouraging attorneys from handling social security appeals and is contrary to the position of the Sixth Circuit

in the recent unpublished decision of King v. Commissioner of Social Security, 230 Fed.Appx. 476, 481 (6th Cir. 2007).

The EAJA is a fee-shifting statute which was intended to provide financial incentives for persons contesting unreasonable governmental action and to improve citizen access to the federal courts. It provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. §2412(d)(1)(A). The Supreme Court has explained that under the EAJA, eligibility for a fee award in any civil action requires: 1) that the claimant be a "prevailing party"; 2) that the Government's position was not "substantially justified"; 3) that no "special circumstances make an award unjust"; and 4) pursuant to 28 U.S.C. §2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Commissioner v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (as cited in King v. Commissioner, Id. at 480-1.)

A party cannot request an award of attorney's fees unless he is required to pay those fees to the attorney: "To be 'incurred' within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative." Phillips v. General Services Administration, 924 F.2d 1577 (Fed.Cir. 1991). To make attorney's fees payable directly to claimants and not their attorneys could result in attorneys never being paid. Other courts have agreed that, "the work done by and the fees are for the plaintiff's attorney. They must be directed to the attorney. Were the rule otherwise, plaintiffs would obtain possession of fee awards, and attorneys would be left to attempt to obtain the money paid for their services as best

they could. Left to the normal vicissitudes of life, substantial sums would be diverted from their intended purpose, U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts and Equipment, Inc., 89 F.3d 574, 578-579 (9th Cir. 1996), cert. denied sub nom U.S. ex rel. Virani v. Hall & Phillips, 519 U.S. 1109, 117 S.Ct. 945, 136 L.Ed.2d 834 (1997).

As recently noted by the Sixth Circuit in King v. Commissioner, "an attorney cannot bring an independent action for attorney's fees. However, **attorney's fees awarded under the EAJA are payable to the attorney**; they are awarded for the benefit of the party, but the money is not the party's to keep." Id. at 481 (emphasis added). The Court adopts the logic of the Sixth Circuit as set forth in King v. Commissioner, and finds that attorney's fees awarded under the EAJA are payable to the attorney. Accordingly,

IT IS ORDERED:

1) Defendant shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of $675.00 ($125.00 per hour for 5.4 hours).

2) To the extent this fee is duplicative of a fee awarded pursuant to 42 U.S.C. §406(b), counsel shall reimburse the claimant.

This is a final and appealable Memorandum Opinion and Order.